# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv11

| | |
|---|---|
| ANNA DARLENE MURPHY and husband, STEVEN MURPHY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AUTO ADVANTAGE, INC., an Iowa Corporation, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is the Motion to Set Deadline [# 22]. On December 9, 2011, the Court held a hearing to address a discovery matter that arose in connection with the deposition of Kevin Geagan. In short, Plaintiffs sought the production of the EEOC file in the possession of Defendant. Plaintiffs contend that these documents are responsive to their prior discovery requests, as well as Defendant's initial disclosure obligations under Rule 26.

At the hearing, the Court terminated the deposition of Mr. Geagan and directed Plaintiff that until a motion to compel the relevant documents was pending before the Court, the Court could not grant Plaintiff the relief she sought. Although discovery in this case closes January 1, 2012, Plaintiff did not

-1-

immediately file a motion to compel. Instead, on December 16, 2011, Plaintiff filed a motion requesting the Court allow her until December 19, 2011, to file a motion to compel.

Upon a review of the record in this case the Court **DIRECTS** the parties as follows:

(1) The Court **ORDERS** that the previously noticed deposition of Kevin Geagan shall resume on December 29, 2011, at a place and time selected by Plaintiff. Counsel for Plaintiff shall notify counsel for Defendant by 5:00pm December 21, 2011, of the place and time for the deposition.

(2) Plaintiff shall have until the close of discovery to file any motion to compel. Defendant shall have seven (7) days from the filing of any motion to compel to file a response. Plaintiff shall have two (2) days to file a reply. Because Plaintiff neglected to promptly file a motion to compel after the December 9, 2011, hearing, Plaintiff will likely have to proceed with the deposition of Mr. Geagan without the EEOC documents.

(3) The Court **INSTRUCTS** Defendant that if the Court grants a motion to compel under Rule 37 of the Federal Rules of Civil Procedure, the

Court may award Plaintiff her expenses incurred in making the motion, including attorneys' fees unless Defendant's failure to respond or objection was substantially justified or other circumstances make an award of expenses unjust. <u>See</u> Fed. R. Civ. 37(a)(5).

(4)	The Court **DENIES as moot** the Motion to Set Deadline [# 22].

Signed: December 19, 2011

Dennis L. Howell
United States Magistrate Judge