IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv11

| | |
|---|---|
| ANNA DARLENE MURPHY and husband, STEVEN MURPHY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AUTO ADVANTAGE, INC., an Iowa )<br>Corporation, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration [# 26]. Pursuant to an Order of this Court, discovery closed January 1, 2012. (Order, Nov. 16, 2011.) The Court instructed Plaintiff that she had until the close of discovery to file a motion to compel in this case. (Order, Dec. 19, 2011.) Plaintiff, however, waited until January 3, 2011, to file her motion to compel. Accordingly, the Court denied her motion as untimely. (Order, Jan. 5, 2012.) Plaintiff now moves the Court to reconsider and set aside its Order denying her Motion to Compel as untimely. Specifically, Plaintiff contends that pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, she had until January 3, 2012, to file her motion.

Rule 6(a), however, only applies when the time period must be computed. See Fed. R. Civ. P. 6(a); Violette v. P.A. Days, Inc., 427 F.3d 1015, 1019 (6th Cir. 2005). Rule 6(a) has no application when the Court sets a specific date for an act to occur. Id. The advisory committee's notes to the 2009 Amendments to

-1-

subdivision (a) makes this clear. "The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set." Fed. R. Civ. 6 advisory committee's note. "If, for example, the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern." Id.

Discovery in this closed January 1, 2012, even if this date fell on the Sunday before a federal holiday. Rule 6(a) did not extend the discovery deadline through January 3, 2012. Moreover, as the Court previously instructed Plaintiff, she had until the close of discovery - January 1, 2012 - to file any motions to compel. Plaintiff neglected to do so. Accordingly, reconsideration of the Court's prior Order is not warranted.

Finally, the Court finds no excusable neglect sufficient to extend the deadline in this case. Plaintiff had approximately nine months to pursue discovery in this matter and waited until the last possible minute to attempt to compel the production of documents and answers to interrogatories that she served on July 2, 2011. Moreover, the Initial Disclosures of Defendant that Plaintiff contends fail to comply with the Federal Rules were served on April 26, 2011. Plaintiff had ample time to bring any deficiencies in Defendants' discovery responses to the Court's attention and move to compel Defendants to comply with their obligations under the Federal Rules. Accordingly, the Court **DENIES** the Motion for Reconsideration [# 27].

Signed: January 5, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge