# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv11

| | |
|---|---|
| ANNA DARLENE MURPHY, ) <br> and husband, STEVEN MURPHY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AUTO ADVANTAGE, INC., an Iowa ) <br> corporation, KEVIN GEAGAN, in his ) <br> professional and personal capacities, ) <br> GREG SHOTTENKIRK, in his ) <br> professional and personal capacities, ) <br> ) <br> Defendants. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Extension of Time for the Final Pretrial Conference, or, in the Alternative, Motion that Plaintiffs' Motions in Limine be Deemed Timely Filed [Doc. 63].

The primary reason given by Plaintiffs' counsel for the request for an extension of time relates to her desire to engage defense counsel in settlement negotiations. Included in the motion are details concerning the parties' mediation which occurred pursuant to the Pre-Trial Order and Case Management Plan. [Doc. 7 at 7-8]. Not only did counsel include facts

concerning the mediation, she also included a monetary figure discussed during that mediation. [Doc. 63 at 2].

Mediation was ordered in this case. [Doc. 7 at 7]. The Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina provide that when mediation is so ordered, it shall be governed by the Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions promulgated by the North Carolina Supreme Court pursuant to N.C. Gen. Stat. §7A-38.1. Rule 16.3(B)(1). Those rules include the following prohibition:

> Evidence of ... conduct occurring in a mediated settlement conference or other settlement proceeding conducted under this section, whether attributable to a party [or] the mediator ... shall be inadmissible in any proceeding in the action or other civil actions on the same claim[.]

N.C. Gen. Stat. §7A-38.1(l). The conduct of Plaintiffs' counsel has therefore violated this prohibition and the Court will strike that portion of the motion from the record.

Plaintiff also seeks for the final pretrial conference to be continued. Due to the Court's schedule the Court is unable to accommodate this request. It is the Court's practice to schedule the final civil pretrial conferences for the Thursday that falls eleven days before the beginning of the civil trial term.

This case has had its trial setting for the May 7, 2012, trial term for an extended period. Furthermore, preparation for the final pretrial conference should not negatively impact any settlement negotiations between the parties.

**IT IS, THEREFORE, ORDERED** that the portion of the Plaintiffs' Motion for Extension of Time for the Final Pretrial Conference, or, in the Alternative, Motion that Plaintiffs' Motions in Limine be Deemed Timely Filed [Doc. 63] setting forth information regarding the parties' settlement negotiations is hereby **STRICKEN**. Except as so stricken, the Motion [Doc. 63] is **DENIED.**

Signed: April 17, 2012

Martin Reidinger
United States District Judge